IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–02308–MDB

JOSEPH VERNARSKY,

     Plaintiff,

v.

STARBUCKS CORPORATION,

     Defendant.

---

## ORDER

---

This matter is before the Court on Defendant Starbucks Corporation's Motion to Dismiss Amended Complaint. (["Motion"], Doc. No. 51.) Plaintiff has filed a response in opposition (Doc. No. 53), to which Defendant has replied (Doc. No. 54). After reviewing the Motion, briefing and relevant law, the Court **ORDERS** that the Motion is **GRANTED in part and DENIED in part**.

### SUMMARY FOR SELF-REPRESENTED LITIGANT

The Court is granting in part and denying in part Defendant's Motion to Dismiss. You have plausibly alleged a premises liability claim, but the allegations in the Complaint do not support a separate negligence supervision claim. Thus, your premises liability claim will proceed, and your negligence supervision claim is dismissed. The parties must file a proposed scheduling order by August 10, 2026. This is only a high-level summary of the Court's Order, which is set forth in full below.

## BACKGROUND

This matter arises out of injuries sustained by Plaintiff while performing maintenance work at Defendant's 1835 West 120th Avenue, Westminster, Colorado location on September 16, 2023. (*See generally* Doc. No. 52.)

According to Plaintiff, while working on "equipment located beneath a counter and sink area used for drink preparation," one of Defendant's baristas, "caught Plaintiff's foot under her own while stepping over him and dragged his leg across the floor, forcefully twisting Plaintiff's knee and causing immediate and severe injury." (*Id.* at ¶¶ 5, 16; *see id.* at ¶ 21 (saying Plaintiff suffered a "serious left knee injury, including a torn meniscus, requiring surgery, injections, and resulting in permanent impairment, ongoing pain, and functional limitations").) Plaintiff contends this incident was foreseeable as the store was fully operational and busy while he was working, and the area he was working in was "confined and narrow, leaving insufficient clearance for employees to safely pass." (*Id.* at ¶¶ 6, 7, 9, 10.) Plaintiff further alleges the possibility of an accident was "contemporaneous[ly] notice[d]" to Defendant's employees, as the barista in question mistakenly kicked him, and Plaintiff told her not to do so again, shortly before the injury-causing incident. (*Id.* at ¶¶ 11–15.) Finally, Plaintiff says Defendant's employees failed to take any steps to assist him after the incident. (*Id.* at ¶¶ 17–20.) He brings a premises liability claim (Claim 1) and a negligent supervision claim (Claim 2).

Defendant seeks the dismissal of this case, arguing Plaintiff's allegations fall short of stating plausible claims for relief.[1] (Doc. No. 51 at 3–8.)

---

[1] Defendant also argues Plaintiff's negligent supervision claim is barred by Colorado's Premises Liability Act (*id*. at 8–9), but the Court finds it need not reach this argument.

**LEGAL STANDARD**

**I.       Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). However, the plaintiff bears the burden of presenting a complaint with enough factual details to suggest entitlement to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Ultimately, courts assess "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**II.      Self-Represented Plaintiff**

The Court is mindful that Plaintiff represents himself and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**ANALYSIS**

## I.    Premises Liability Act Claim

"The Colorado Premises Liability Act ("PLA") ... governs a landowner's duties to individuals that occupy the land." *Giblin v. Sliemers*, 147 F. Supp. 3d 1207, 1210 (D. Colo. 2015)  (citing *Vigil v. Franklin,* 103 P.3d 322, 326 (Colo. 2004)). To plead a plausible PLA claim, a plaintiff must demonstrate that

> (1) the action involves the plaintiff's entry on the landowner's real property; (2) the plaintiff's injury occurred while on the landowner's real property; (3) the injury occurred by reason of the property's condition, activities conducted on the property, or circumstances existing on the property; and (4) the landowner breached the duty of care it owed the plaintiff under the premises liability statute's classification of trespasser, licensee, or invitee.

*Larrieu v. Best Buy Stores, L.P.*, 303 P.3d 558, 562 (Colo. 2013).

Defendant appears to concede the first, second, and third[2] elements of a PLA claim, and for good reason—there is no dispute that Defendant is a "landowner," that Plaintiff's injury occurred on Defendant's land, and that Plaintiff was injured by the activities being conducted on Defendant's land. At issue then is solely whether Defendant breached the duty of care it owed to Plaintiff.

For the purpose of its Motion, Defendant "assum[es]" Plaintiff was an invitee during the events in question. (Doc. No. 51 at 6.) The Court will assume the same at this stage.[3] "The

---

[2] The Court notes, however, that concession of the third element is unclear. There is some indication that Defendant takes issue with causation, but the argument is underdeveloped and seems to conflate causation with breach. (*See* Doc. No. 51 at 4 (arguing that "Plaintiff's Amended Complaint fails to allege any facts establishing ... caus[ation for] Plaintiff's injuries," but proceeding to focus on lack of notice, which concerns the duty of care and breach of that duty.)

[3] However, the Court acknowledges that Defendant "reserves its right to contest that classification at a later stage should Plaintiff's PLA claim survive the instant Motion." (Doc. No. 54 at 2, n.1.)

greatest duty [under the PLA] is owed to an 'invitee': a landowner must 'exercise reasonable care' to protect such a person from dangers of which the landowner knew or should have known." *Wycoff v. Grace Cmty. Church of Assemblies of God,* 251 P.3d 1260, 1265 (Colo. App. 2010) (quoting *Lombard v. Colorado Outdoor Educ. Center, Inc.,* 187 P.3d 565, 575 (Colo. 2008)). The knowledge element "can be satisfied by either actual or constructive knowledge." *Lombard,* 187 P.3d at 568.

Here, Plaintiff was performing maintenance work while positioned at floor level, beneath a counter and sink area used for drink preparation, in a space he describes as confined and narrow and offering insufficient clearance for employees and others to pass safely. At the same time, Defendant kept the store fully operational and busy, requiring its baristas to continue moving through and working in the very area Plaintiff occupied. The risk that a moving employee, navigating a congested drink-preparation station, would step on, trip over, or otherwise strike a person working at floor level in that cramped space, is real and not difficult to imagine. At a minimum, Defendant had constructive knowledge.

Moreover, based on Plaintiff's allegations, Defendant appears to have had actual knowledge of the danger. Indeed, shortly before the injury-causing incident, the same barista mistakenly kicked Plaintiff, and Plaintiff told her not to do so again. In other words, Defendant's employee had contemporaneous, particularized awareness that continuing to step over or around Plaintiff in the confined space created a real risk of striking him. *See Bock v. Am. Growth Fund Sponsors, Inc.*, 904 P.2d 1381, 1384 (Colo. App. 1995) ("Generally, notice coming to an officer or agent of a corporation within the scope of his duties is notice to the corporation.").

5

Plaintiff has also plausibly alleged Defendant failed to use reasonable care to protect against the danger. Despite knowing that Plaintiff was working at floor level in a narrow space, and despite the earlier contact putting Defendant on notice that its employees may not be able to safely pass, Defendant is alleged to have taken no protective measures whatsoever, such as pausing or rerouting drink preparation in the immediate area, cordoning off or creating clearance around Plaintiff's workspace, or warning its employees to avoid stepping over him. The alleged failure to take any sort of protective action is enough at this stage to plausibly allege that Defendant breached the duty of reasonable care it owed to Plaintiff as an invitee.

Accordingly, Plaintiff has stated a plausible premises liability claim, and Defendant's Motion is denied as to Claim 1.

## II.    Negligent Supervision Claim

"To establish a claim of negligent supervision, a plaintiff must prove (1) the defendant owed the plaintiff a legal duty to supervise others; (2) the defendant breached that duty; and (3) the breach of the duty caused the harm that resulted in damages to the plaintiff." *Gravina Siding & Windows Co. v. Gravina*, 516 P.3d 37, 48 (Colo. Ct. App. 2022) (citing *Settle v. Basinger*, 411 P.3d 717 (Colo. Ct. App. 2013)). "The duty to supervise an agent or employee arises when the principal or employer 'has reason to know' that the agent or employee 'is likely to harm others' because of '[her] qualities' and 'the work or instrumentalities entrusted to [her].'" *Settle*, 411 P.3d at 723 (emphasis in original) (quoting *Destefano v. Grabrian,* 763 P.2d 275, 287 (Colo. 1988)). "Thus, there is no liability for breach of the duty to supervise unless the principal or employer both knows the agent or employee is ... 'incompetent, vicious, or careless,' and does

6

not take 'the care which a prudent [person] would take in selecting the person for the business in hand.'" *Id.* (quoting *Destefano,* 763 P.2d at 287).

Here, nothing in the Complaint suggests Defendant had reason to know the barista in question was "likely" to harm others, either due to her "qualities" or the "work or instrumentalities entrusted to" her.[4] Accordingly, Plaintiff has not demonstrated the existence of a duty of care owed by Defendant and this claim must be dismissed. *See Gravina*, 516 P.3d at 48 (affirming dismissal of a negligent supervision claim where "nothing in the record suggests that the ... third-party defendants had any reason to know that any of the subcontractors were likely to harm others" and thus, the ... "third-party defendants did not owe the [plaintiffs] a legal duty to supervise them").

## CONCLUSION

For the foregoing reasons it is **ORDERED** that Defendant Starbucks Corporation's Motion to Dismiss Amended Complaint (Doc. No. 51) is **GRANTED in part and DENIED in part**. Plaintiff's PLA claim may proceed; his negligent supervision claim is dismissed with prejudice. It is further

**ORDERED** that the parties shall confer and file a proposed scheduling order on or before **August 10, 2026**.

---

[4] At most, Plaintiff alleges that the barista in question accidentally kicked him shortly prior to the incident in question. But while this is relevant to Defendant's notice in connection with the PLA claim, it is not probative of the much more expansive question of whether Defendant should have known the barista was "likely to harm others." Moreover, to the extent Plaintiff's negligent supervision claim is based on the conditions of the premises that made the barista more likely to harm others, that claim is duplicative of, and one in the same with, the premises liability claim.

Dated this 13th day of July, 2026.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge